BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
Blair A. Nicholas (Bar No. 178428)
(blairn@blbglaw.com)
Matthew P. Siben (Bar No. 223279)
(matthews@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
     -and-
Gerald H. Silk
(jerry@blbglaw.com)
Salvatore J. Graziano
(sgraziano@blbglaw.com)
Noam Mandel
(noam@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444

*Attorneys for Proposed Lead Plaintiff*
*Arkansas Teacher Retirement System and*
*Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ATLAS and GAIL ATLAS, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>ACCREDITED HOME LENDERS HOLDING CO.; JAMES KONRATH; JOSEPH J. LYDON; STUART D. MARVIN; JOHN S. BUCHANAN; DAVID E. HERTZEL; and JEFFREY W. CRAWFORD,<br><br>          Defendants. | Case No. 3:07-cv-00488-H-RBB<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARKANSAS TEACHER RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF COUNSEL AS LEAD COUNSEL, AND CONSOLIDATION OF ALL RELATED ACTIONS<br><br>Date:     June 25, 2007<br>Time:    10:30 a.m.<br>Courtroom:  13<br>Judge:    Hon. Marilyn L. Huff |

1

2    SIMON JOORY, Individually and On Behalf          Case No. 07-cv-0506 DMS JMA
     of All Others Similarly Situated,

3
                  Plaintiffs,
4

5          vs.

6    ACCREDITED      HOME      LENDERS
     HOLDING   CO.;   JAMES   KONRATH;
7    JOSEPH J. LYDON; STUART D. MARVIN;
     JOHN   S.   BUCHANAN;   DAVID   E.
8    HERTZEL; and JEFFREY W. CRAWFORD,

9                 Defendants.

10   MAX POURSHAFIE, Individually and On           Case No.  07-cv-0531-BTM POR
     Behalf of All Others Similarly Situated,
11
                  Plaintiffs,
12

13         vs.

14   ACCREDITED      HOME      LENDERS
     HOLDING   CO.;   JAMES   KONRATH;
15   JOSEPH J. LYDON; STUART D. MARVIN;
     JOHN   S.   BUCHANAN;   DAVID   E.
16   HERTZEL; and JEFFREY W. CRAWFORD,

17
                  Defendants.
18

19   RONALD T. THEDA, Individually and On          Case No.  07-cv-0597 JN RBB
     Behalf of All Others Similarly Situated,
20
                  Plaintiffs,
21

22         vs.

23   ACCREDITED      HOME      LENDERS
     HOLDING   CO.;   JAMES   KONRATH;
24   JOSEPH J. LYDON; STUART D. MARVIN;
     JOHN   S.   BUCHANAN;   DAVID   E.
25   HERTZEL; and JEFFREY W. CRAWFORD,

26                Defendants.

27

28

CITY OF BROCKTON RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,

      Plaintiffs,

   vs.

ACCREDITED HOME LENDERS HOLDING CO.; JAMES KONRATH; JOSEPH J. LYDON; STUART D. MARVIN; JOHN S. BUCHANAN; DAVID E. HERTZEL; and JEFFREY W. CRAWFORD,

      Defendants.

Case No. 07-cv-0843 DMS AJB

The Arkansas Teacher Retirement System ("Arkansas Teachers") respectfully submits this memorandum of law in support of its motion: (i) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (ii) for approval of its selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class; and (iii) for consolidation of all related securities class actions pursuant to Fed. R. Civ. P. 42(a).

## PRELIMINARY STATEMENT

These class action lawsuits arise from violations of the federal securities laws by Accredited Home Lenders Holding Co. ("Accredited" or the "Company") and certain of its officers and directors (collectively, "Defendants"). During the period from November 1, 2005 until March 12, 2007 (the "Class Period"), Defendants disseminated materially false and misleading information to investors related to the Company's financial condition and results of operations, while suppressing or recklessly disregarding undisclosed adverse information known to them regarding the Company's deteriorating finances and mortgage origination business.[1] Defendants' misstatements and omissions artificially inflated the price of Accredited's publicly traded securities and, as the true facts were revealed, caused substantial damage to investors in the Company.

Arkansas Teachers believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff for these actions. Arkansas Teachers has the largest financial interest in the relief sought in these actions by virtue of its substantial investment in Accredited during the Class Period and the approximately $5 million in losses it

---

[1] The class period referenced in four complaints presently before the Court is November 1, 2005 through March 12, 2007. This is the class period in at least ten public notices published in accordance with the PSLRA, the first of which was published on March 16, 2007. Arkansas Teachers notes that a fifth complaint was filed on May 9, 2007—with only three business days remaining before the filing deadline—referencing a different class period. For purposes of this motion, Arkansas Teachers uses the properly noticed November 1, 2005 through March 12, 2007 class period. Should the Court require loss data for the class period referenced in the May 9, 2007 filing, Arkansas Teachers will provide that data to the Court.

suffered as a result of Defendants' misconduct.[2]  Arkansas Teachers further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate class representative with claims typical of the other Class members.  Arkansas Teachers is, moreover, a sophisticated public institutional investor, highly experienced in conducting and supervising counsel in complex securities litigation, and is therefore a paradigmatic Lead Plaintiff under the PSLRA.  Indeed:

> Arkansas Teachers holds approximately $9.175 [sic] billion in assets for the benefit of 94,000 active and retired pensioners.  It is experienced in securities class action litigation, having dedicated in-house attorneys charged with monitoring its selected counsel and this litigation.  It is precisely the type of sophisticated institutional investor that Congress and this Court have recognized as being ideally suited to control this type of securities class action litigation.

*Glauser v. EVCI Career Colleges Holdings Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) (appointing Arkansas Teachers as Lead Plaintiff in securities class action).  Accordingly, Arkansas Teachers respectfully submits that it should be appointed Lead Plaintiff.

## FACTUAL AND PROCEDURAL BACKGROUND

Accredited is a mortgage banking company focused on the subprime credit market throughout the United States.  The Company is incorporated in Delaware and maintains its principal place of business in San Diego, California.  Accredited trades on the NASDAQ system under the symbol "LEND."  The Company is currently delinquent on its filings with the U.S. Securities and Exchange Commission ("SEC") due to an inability to file audited financials.

As alleged in the several securities class action complaints before this Court, throughout the Class Period, Defendants artificially inflated the price of Accredited's publicly traded securities by failing to disclose material adverse facts about the Company's subprime mortgage lending business, while repeatedly making positive statements about the Company's operations

---

[2] A copy of the Certification of Arkansas Teachers is attached as Exhibit A to the Declaration of Blair A. Nicholas (the "Nicholas Decl.").  This Certification sets forth the transactions of Arkansas Teachers in Accredited securities during the Class Period.  In addition, a chart setting forth Arkansas Teachers' transactions and losses in Accredited securities is attached as Exhibit B to the Nicholas Decl.

1  that were untrue.  Among other things, the Company's financial statements were materially

2  misstated by the maintenance of inadequate reserves against losses associated with loan

3  delinquencies.  This accounting manipulation created the false and misleading impression that

4  Accredited had mechanisms and procedures in place to manage the risks associated with its

5  subprime lending business, thereby bolstering the Company's numerous false and misleading

6  statements to that effect during the Class Period.  Investors suffered significant harm as the

7  Company's true state of affairs emerged, with stock price declines from an intra-day Class

8  Period high of $60.13 to a shocking $3.97 at the close of the Class Period.

9        Numerous class actions were filed in the Southern District of California in the wake of

10  Accredited's corrective disclosures.  The first such complaint, styled *Michael Atlas, et al. v.*

11  *Accredited Home Lenders Holding Co., et al.*, was filed on March 16, 2007.  Numerous notices

12  of the pendency of the class actions were also published, alerting class members to the May 15,

13  2007 deadline to submit motions seeking to serve as Lead Plaintiff on behalf of Accredited

14  investors.[3]  With the filing of this motion, Arkansas Teachers satisfies the statutory requirements

15  to be appointed as Lead Plaintiff in these actions.

16                                    **ARGUMENT**

17     **I.    Arkansas Teachers Should Be Appointed Lead Plaintiff**

18        Arkansas Teachers respectfully submits that it should be appointed Lead Plaintiff because

19  it is the movant "most capable of adequately representing the interests of class members."  15

20  U.S.C. § 78u-4(a)(3)(B).  The PSLRA establishes a presumption that the "most adequate

21  plaintiff" is the movant that "has the largest financial interest in the relief sought by the class"

22  and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."

23  15 U.S.C. § 78u-4(a)(3)(B); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

24  ///

25  ///

26

27  _____

28  [3] The first such notice is attached as Exhibit C to the Nicholas Decl.

a.   **Arkansas Teachers Believes That It Has The Largest**
     **Financial Interest In The Relief Sought By The Class**

Arkansas Teachers should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts generally look to four factors in determining which movant has the largest financial interest in the litigation. These factors are: (i) the number of gross shares purchased during the class period; (ii) the number of net shares purchased during the class period; (iii) the total net funds expended during the class period; and (iv) the approximate losses suffered. *See, e.g., Ruland v. Infosonics Corp.*, No. 06-CV-1231 (BTM), 2006 U.S. Dist. LEXIS 79144, at *11 (S.D. Cal. Oct. 23, 2006); *In re Surebeam Corp. Sec. Litig.*, No. 03-CV-1721 (JM), 2003 U.S. Dist. LEXIS 25022, at *11 (S.D. Cal. Dec. 31, 2003); *Casden v. HPL Techs., Inc.*, C-02-3510 (VRN), 2003 U.S. Dist. LEXIS 19606, at *12 (N.D. Cal. Sept. 29, 2003). "These factors are useful, because they look to relatively objective indicators, such as number of shares purchased or sold, rather than to the ultimate question of damages." *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999).

Arkansas Teachers purchased 201,970 shares of Accredited common stock on a gross basis and 133,180 on a net basis during the Class Period. During the same period, Arkansas Teachers' net expenditures on Accredited shares were $2,376,718.44. As a result of the revelations of Defendants' misconduct, Arkansas Teachers suffered approximately $5 million in losses, whether calculated on a LIFO ("last in, first out") or FIFO ("first in, first out") basis.[4] The magnitude of Arkansas Teachers' financial interest in this litigation can be summarized as follows:

---

[4] The precise figure is $4,985,116.55 and is the same under FIFO or LIFO. FIFO and LIFO are the two principal accepted methods for calculating approximate losses for purposes of appointing a Lead Plaintiff under the PSLRA. Under the FIFO method, sales are offset against the movant's inventory of stock acquisitions, starting with the earliest and moving chronologically forward (hence, "first in, first out"). Under the alternative LIFO method, the sales are offset against the movant's inventory of stock acquisitions, starting with the latest and moving chronologically backward (hence, "last in, first out"). A chart reflecting the calculation of Arkansas Teachers' losses is attached as Exhibit B to the Nicholas Decl.

MEMO. IN SUPPORT OF ARKANSAS TEACHERS
MOTION FOR APPT. AS LEAD PLAINTIFF
Case No. 3:07-cv-00488-H-RBB

| Factor | Arkansas Teachers' Position |
|---|---|
| Gross Purchases: | 201,970 shares |
| Net Purchases: | 133,180 shares |
| Net Expenditures: | $2,376,718.44 |
| Approximate Loss (FIFO/LIFO Calculation): | $4,985,116.55 |

Given the magnitude of its purchases, expenditures, and losses, Arkansas Teachers believes that it has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

### b.    Arkansas Teachers Otherwise Satisfies The Requirements Of Rule 23

Arkansas Teachers should be appointed Lead Plaintiff because it also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, the movant "need only make a 'preliminary showing' of typicality and adequacy." *Surebeam*, 2003 U.S. Dist. LEXIS 25022, at *16 (internal quotation omitted); *see also Cavanaugh*, 306 F.3d at 730. Arkansas Teachers satisfies both requirements in this case.

Arkansas Teachers' claims are typical of the claims of other Class members. "Typicality requires that the plaintiff's claim is aligned with the claims of the remainder of the class." *Surebeam*, 2003 U.S. Dist. LEXIS 25022, at *17. Under this element of Rule 23, the "presumptive lead plaintiff's claim 'arise from the same event or course of conduct giving rise to the claims of other class members' and be based on the same legal theory." *Id.* (internal quotation omitted). Arkansas Teachers' claims in this action arise from the very same course of misconduct at Accredited as the claims of the other Class members – *i.e.*, the artificial inflation and consequent market correction of the price of Accredited's publicly traded securities caused by Defendants' fraudulent public disclosures.

Arkansas Teachers likewise satisfies the adequacy requirement of Rule 23. "Representation is 'adequate' when the representative's interests are not antagonistic to the interests of absent class members, it is unlikely that the action is collusive, and counsel for the

class is qualified and competent." *Ruland*, 2006 U.S. Dist. LEXIS 79144, at *17. Arkansas Teachers is adequate to represent the Class because its interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. As an investor in the artificially inflated publicly traded securities of Accredited that suffered substantial losses upon the Company's corrective disclosures, Arkansas Teachers has an identity of interest with its fellow Class members. There are no facts suggesting that any actual or potential conflict of interest or other antagonism exists between Arkansas Teachers and other Class members. Arkansas Teachers is also adequate to serve as Lead Plaintiff because the action is in no way collusive and there exist no facts suggesting otherwise.

Arkansas Teachers also has a significant interest in the outcome of the case to ensure vigorous advocacy. *See, e.g., Ruland*, 2006 U.S. Dist. LEXIS 79144, at *17-18 (finding adequate a proposed Lead Plaintiff that "has [adequate] incentive to prosecute this action vigorously and states that he is willing to serve as a representative on behalf of the class.") As set forth above, Arkansas Teachers suffered substantial losses on its investment in Accredited sufficient to ensure a commitment to the vigorous prosecution of this lawsuit. Arkansas Teachers has likewise submitted a certification affirming its understanding of the duties owed to Class members through its commitment to oversee the prosecution of this Class action. *See* Nicholas Decl., Exhibit A. Through that Certification, Arkansas Teachers accepts the fiduciary obligations it will assume if appointed Lead Plaintiff in this action.

The Certification submitted by Arkansas Teachers also demonstrates that it has substantial experience overseeing the prosecution of complex securities class action lawsuits such as this one. Indeed, Arkansas Teachers has a well-established record of success seeking redress on behalf of its fellow investors in securities class actions. For example, Arkansas Teachers was specifically selected in *In re Williams Securities Litigation* by the District Court for the Northern District of Oklahoma to replace previously appointed lead plaintiffs that had withdrawn from the case for undisclosed reasons, threatening to leave the Class with no ability to

recover its losses.[5]  Arkansas Teachers' committed involvement to the prosecution of the case resulted in a recovery of $311 million for the class.  More recently, Arkansas Teachers was appointed to serve as the Lead Plaintiff in *In re EVCI Career Colleges Holding Corp. Securities Litigation*, in which a settlement agreement has already received preliminary approval from the District Court for the Southern District of New York.

Moreover, "[a]s an institutional investor with a large financial stake in the outcome of this litigation, [Arkansas Teachers] 'is exactly the type of lead plaintiff envisioned by Congress when it instituted the lead plaintiff requirements.'"  *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001) (quoting *Bowman v. Legato Sys.*, 195 F.R.D. 655, 659 (N.D. Cal. 2000)); *see also* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess. (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts by improving the quality of representation in securities class actions"); *Schriver v. Impac Mortg. Holdings, Inc.*, 2006 U.S. Dist. LEXIS 40607, at * 14 (C.D. Cal. May 1, 2006) ("The PSLRA's presumption that the most adequate plaintiff is the plaintiff with the largest financial interest reflects a congressional intent that institutional investors should be appointed lead plaintiff wherever possible, as those investors are most likely to have the most at stake in the case and to be sophisticated and competent litigants for the class."); *see also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir. 2005) (holding that the PSLRA establishes "a paradigm in which the plaintiff with the largest stake in the case, usually a large and sophisticated institution, is accorded the status of lead plaintiff and assigned the right to appoint and duty to monitor lead counsel for the class").

///

///

///

///

///

---

[5] Arkansas Teachers' Co-Lead Plaintiff in *In re Williams Securities Litigation* was the Ontario Teachers' Pension Plan Board.

## II.    The Court Should Approve Arkansas
Teachers' Selection Of Lead Counsel

The Court should approve Arkansas Teachers' choice of the law firm of Bernstein Litowitz to serve as Lead Counsel.  Pursuant to the PSLRA, the Lead Plaintiff is to select and retain Lead Counsel to represent the Class, subject to Court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  Arkansas Teachers has selected and retained the law firm of Bernstein Litowitz.

Bernstein Litowitz is among the preeminent securities class action law firms in the country, having been appointed sole or co-lead counsel in numerous complex securities class actions in this District and around the country.  *See, e.g.*, Bernstein Litowitz's Firm Biography attached as Exhibit D to the Nicholas Decl.  Bernstein Litowitz served as co-lead counsel in *In re WorldCom, Inc. Securities Litigation* (S.D.N.Y.), in which settlements totaling in excess of $6 billion – one of the largest recoveries in securities class action history – were obtained for the class.  Bernstein Litowitz also served as co-lead counsel in *In re McKesson HBOC, Inc. Securities Litigation* (N.D. Cal.), in which Bernstein Litowitz helped obtain a $960 million settlement from the issuer defendant – the single largest settlement of any securities class action within the courts of the Ninth Circuit – and an additional $72 million from the defendant auditor.  Since the enactment of the PSLRA, Bernstein Litowitz has served as lead or co-lead counsel in numerous other successful securities class actions in federal district courts within the Ninth Circuit, including *In re Gemstar-Tv Guide Int'l Securities Litigation* (C.D. Cal.), *In re Legato Systems Inc. Securities Litigation* (N.D. Cal.), and *In re Network Associates Securities Litigation* (N.D. Cal.).  Other recent cases in which Bernstein Litowitz has been recognized as an appropriate lead or co-lead counsel since the passage of the PSLRA, include, for example, *In re Refco, Inc. Securities Litigation* (S.D.N.Y.) and *In re Nortel Networks Corp. Securities Litigation* (S.D.N.Y.).  Accordingly, the Court should approve Arkansas Teachers' selection of Bernstein Litowitz as Lead Counsel for the Class.

## III.    The Related Actions Should Be Consolidated

There are multiple securities class action complaints pending in the Southern District of California on behalf of investors in Accredited securities:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Atlas, et al. v. Accredited Home Lenders Holding Co., et al.* | 07-CV-00488 | March 16, 2007 |
| *Joory v. Accredited Home Lenders Holding Co., et al.* | 07-CV-0506 | March 20, 2007 |
| *Pourshafie v. Accredited Home Lenders Holding Co., et al.* | 07-CV-0531 | March 22, 2007 |
| *Theda v. Accredited Home Lenders Holding Co., et al.* | ˙07-CV-0597 | April 2, 2007 |
| *City of Brockton Retirement System v. Accredited Home Lenders Holding Co., et al.* | 07-CV-0843 | May 9, 2007 |

All of these actions present virtually identical factual and legal issues, as they all arise out of the same alleged course of misconduct, the purchase of artificially inflated Accredited securities, and the subsequent decline in the value of those securities upon revelation of the truth. Accordingly, consolidation is appropriate here under the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(ii), and Fed. R. Civ. P. 42(a). *See, e.g., Schriver*, 2006 U.S. Dist. LEXIS 40607, at *4-6 (consolidating cases where the "relevant allegations are the same in each of the related actions, and many of the related actions involve common legal questions, [because] consolidation would promote efficiency and avoid duplication of evidence and motion filing").

## CONCLUSION

For the foregoing reasons, Arkansas Teachers respectfully requests that the Court: (i) appoint Arkansas Teachers as Lead Plaintiff pursuant to the PSLRA; (ii) approve Arkansas Teachers' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Class; (iii) consolidate all related actions; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: May 15, 2007                    Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

_____
s/Blair A. Nicholas
BLAIR A. NICHOLAS
E-mail: blairn@blbglaw.com

MEMO. IN SUPPORT OF ARKANSAS TEACHERS
MOTION FOR APPT. AS LEAD PLAINTIFF
Case No. 3:07-cv-00488-H-RBB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BLAIR A. NICHOLAS
MATTHEW P. SIBEN
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323
        -and-
GERALD H. SILK
SALVATORE J. GRAZIANO
NOAM MANDEL
1285 Avenue of the Americas
New York, NY  10019
Tel:    (212) 554-1400
Fax:    (212) 554-1444

*Attorneys for Proposed Lead Plaintiff
Arkansas Teacher Retirement System and
Proposed Lead Counsel for the Class*

MEMO. IN SUPPORT OF ARKANSAS TEACHERS
MOTION FOR APPT. AS LEAD PLAINTIFF
Case No. 3:07-cv-00488-H-RBB