# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ATLAS and GAIL ATLAS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br>　vs.<br><br>ACCREDITED HOME LENDERS HOLDING CO.; JAMES A. KONRATH; JOSEPH J. LYDON; STUART D. MARVIN; JOHN S. BUCHANAN; DAVID E. HERTZEL; and JEFFREY W. CRAWFORD,<br><br>　　　　　　　　Defendants. | CASE NO. 07-CV-0488-H (RBB)<br><br>ORDER (1) CONSOLIDATING RELATED CASES; (2) APPOINTING LEAD PLAINTIFF; and (3) APPOINTING LEAD COUNSEL<br><br>[Doc. Nos. 9, 13, 17, 18.] |
| SIMON JOORY, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br>ACCREDITED HOME LENDERS HOLDING CO.; JAMES A. KONRATH; JOSEPH J. LYDON; STUART D. MARVIN; JOHN S. BUCHANAN; DAVID E. HERTZEL; and JEFFREY W. CRAWFORD,<br><br>　　　　　　　　Defendants. | CASE NO. 07-CV-0506-H (RBB) |

| | |
|---|---|
| MAX POURSHAFIE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>ACCREDITED HOME LENDERS HOLDING CO.; JAMES A. KONRATH; JOSEPH J. LYDON; STUART D. MARVIN; JOHN S. BUCHANAN; DAVID E. HERTZEL; and JEFFREY W. CRAWFORD,<br><br>　　　　　　　　　　Defendants. | CASE NO. 07-CV-0531-H (RBB) |
| RONALD T. THEDA, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>ACCREDITED HOME LENDERS HOLDING CO.; JAMES A. KONRATH; JOSEPH J. LYDON; STUART D. MARVIN; JOHN S. BUCHANAN; DAVID E. HERTZEL; and JEFFREY W. CRAWFORD,<br><br>　　　　　　　　　　Defendants. | CASE NO. 07-CV-0597-H (RBB) |
| CITY OF BROCKTON RETIREMENT SYSTEM, on behalf of itself and all others similarly situated<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>ACCREDITED HOME LENDERS HOLDING CO.; JAMES A. KONRATH; JOSEPH J. LYDON; STUART D. MARVIN; JOHN S. BUCHANAN; DAVID E. HERTZEL; and JEFFREY W. CRAWFORD,<br><br>　　　　　　　　　　Defendants. | CASE NO. 07-CV-0843-H (RBB) |

| | |
|---|---|
| WILLIAM KORNFELD, JR., individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>ACCREDITED HOME LENDERS HOLDING CO.; JAMES A. KONRATH; JOSEPH J. LYDON; STUART D. MARVIN; JOHN S. BUCHANAN; DAVID E. HERTZEL; and JEFFREY W. CRAWFORD,<br><br>                    Defendants. | CASE NO. 07-CV-0864-H (RBB) |

On March 16, 2007, named plaintiffs Michael Atlas and Gail Atlas ("Atlas Plaintiffs") filed a class action complaint against defendants Accredited Home Lenders Holding Co. ("Accredited"), James A. Konrath, Joseph J. Lydon, Stuart D. Marvin, John S. Buchanan, David E. Hertzel, and Jeffrey W. Crawford (collectively "Defendants"), alleging violations of federal securities laws based on allegedly materially false and misleading statements and omissions regarding Accredited's business and financial results. On March 20, 2007, named plaintiff Simon Joory ("Plaintiff Joory") filed a similar class action complaint against Defendants. On March 22, 2007, named plaintiff Max Pourshafie ("Plaintiff Pourshafie") filed a similar class action complaint against Defendants. On April 2, 2007, named plaintiff Ronald T. Theda ("Plaintiff Theda") filed a similar class action complaint against Defendants. On May 9, 2007, named plaintiff City of Brockton Retirement System ("Plaintiff Brockton") filed a similar class action complaint against Defendants. On May 14, 2007, named plaintiff William Kornfeld, Jr. ("Plaintiff Kornfeld") filed a class action complaint against Defendants alleging violations of federal securities laws related to allegedly materially false misrepresentations and omissions made in association with a merger by which Accredited acquired Aames Investment Corporation ("Aames").

On May 15, 2007, class member Kansas City Missouri Fire Fighters Trust Fund ("Kansas City Fund") filed a motion to consolidate the above-captioned cases except

the suit brought by Plaintiff Kornfeld, to have themselves appointed lead plaintiff, and to have attorneys Cauley Bowman Carney & Williams, PLLC appointed lead counsel. (Doc. Nos. 9-12.) Also on May 15, 2007, class members Christopher Magness and Dale Sobek (collectively, the "Magness Group") filed a motion to consolidate the above-captioned cases except the suit brought by Plaintiff Kornfeld, to have themselves appointed lead plaintiffs, and to have attorneys Schiffrin Barroway Topaz & Kessler, LLP appointed lead counsel. (Doc. Nos. 13-16.) Also on May 15, 2007, class members Baltimore County Employees' Retirement System and the City of Brockton Retirement System (collectively "Baltimore/Brockton") filed a motion to consolidate the above-captioned cases except the suit brought by Plaintiff Kornfeld, to have themselves appointed lead plaintiffs, and to have attorneys Labaton Sucharow & Rudoff LLP appointed lead counsel. (Doc. No. 17.) Also on May 15, 2007, class member Arkansas Teacher Retirement System ("ATRS") filed a motion to consolidate the above-captioned cases except the suit brought by Plaintiff Kornfeld, to have themselves appointed lead plaintiff, and to have attorneys Bernstein Litowitz Berger & Grossmann LLP appointed lead counsel. (Doc. Nos. 18-21.) Also on May 15, 2007, Plaintiff Kornfeld filed a motion to consolidate all of the above-captioned cases, to have himself appointed lead plaintiff, and to have attorneys Chimicles & Tikellis, LLP and Sarraf Gentile LLP appointed lead counsel. (Doc. Nos. 22-26.)

On June 11, 2007, Plaintiff Kornfeld filed a notice of withdrawal of his motion to be appointed lead counsel, and joined ATRS's motion for consolidation and for appointment of lead plaintiff and counsel. (Doc. No. 29.) Also on June 11, 2007, Baltimore/Brockton filed a notice stating that ATRS appeared to have the "largest financial interest" in the relief sought by Baltimore/Brockton and that it did not oppose consolidation. (Doc. No. 30.) On June 12, 2007, Atlas Plaintiffs filed a notice of withdrawal of Atlas Plaintiffs as named plaintiffs, and their attorneys as lead attorneys. (Doc. No. 32.)

On June 11, 2007, ATRS filed an opposition memorandum in support of their

motions for their appointment as lead plaintiff and their attorneys as lead counsel. (Doc. No. 31.) On June 18, 2007, ATRS filed a reply memorandum in support of their motions. (Doc. No. 35.)

The Court held a hearing on these matters on June 25, 2007. Attorneys David Stickney and Matthew Siben appeared for ATRS at the hearing, attorney Chris McGrath appeared for defendants James A. Konrath, Joseph J. Lydon, Stuart D. Marvin, John S. Buchanan, David E. Hertzel, and Jeffrey W. Crawford, and attorneys Edward P. Swan and Andrea Kimball appeared for Accredited. For the following reasons, the Court **GRANTS** the parties' motions to consolidate the above-captioned cases, including the suit brought by Plaintiff Kornfeld, **GRANTS** ATRS's motion to be appointed lead plaintiff, **GRANTS** ATRS's motion for Bernstein Litowitz Berger & Grossmann LLP to be appointed lead counsel, and **DENIES** Kansas City Fund's, Magness Group's, and Baltimore/Brockton's motions to be appointed lead plaintiff and for their attorneys to be appointed lead counsel.

## **Background**

According to the allegations in the several complaints, Accredited is a mortgage banking company that offers non-prime or subprime mortgage loans secured by residential real estate in the Untied States and Canada. Accredited is a corporation that is incorporated in Delaware and has its principle place of business in San Diego, California. Accredited's stock is traded on the NASDAQ system under the symbol LEND.

Plaintiffs in the above-captioned cases, except the suit brought by Plaintiff Kornfeld, allege that Defendants inflated the price of its stock, in violation of sections 10(b) and 20(a) of the Securities Exchange Act of 1934, by making materially false and misleading statements and/or failing to disclose material adverse facts during a period starting no earlier than January 28, 2004, and extending until March 12, 2007. These plaintiffs allege that on March 12, 2007, Accredited issued a press release stating that its available cash had been negatively impacted by margin calls and loan

repurchase obligations. On March 13, 2007, Accredited's share price allegedly declined from $7.43 per share to $3.97 per share.

Plaintiff Kornfeld alleges that Defendants violated sections 11, 12, and 15 of the Securities Act of 1933, and sections 14(a) and 20(a) of the Securities Exchange Act of 1934, by making material misrepresentations and omissions in documents associated with the merger by which Accredited acquired Aames.

## Analysis

### I.  Motion to Consolidate

Rule 42 of the Federal Rules of Civil Procedure permits consolidation of cases "[w]hen actions involving a common question of law or fact are pending before the court . . . ." Fed. R. Civ. P. 42(a). The Court has discretion to "order a joint hearing or trial of any or all matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Id. A district court has broad discretion under Rule 42 to consolidate cases pending in its district. See Investors Research Co. v. U.S. Dist. Court for Cent. Dist. California, 877 F.2d 777, 777 (9th Cir. 1989).

Here, Kansas City Fund, Magness Group, Baltimore/Brockton, and ATRS all filed motions to consolidate the suits filed by Atlas Plaintiffs, Plaintiff Joory, Plaintiff Pourshafie, Plaintiff Theda, and Plaintiff Brockton. In addition, Plaintiff Kornfeld has filed a notice stating that it wishes its suit to be consolidated with the suits brought by the other plaintiffs (Pl. Kornfeld's Notice Withdrawal Mot. and Mem. Law Supp. ATRS's Mot. Consolidation and Appoint. Lead Plaintiff, at 1), and ATRS has stated that it wishes Plaintiff Kornfeld's suit to be consolidated with the others. (ATRS's Opp. Mem. P. & A. Supp. ATRS's Mot. Appointment Lead Pl. ("ATRS's Opp."), at 1-2.) Many of the documents that Plaintiff Kornfeld alleges contained materially false and misleading statements and omissions in association with Accredited's acquisition of Aames are the same documents relied upon by the other parties. (Compare, e.g., Pl. Kornfeld's Compl. ¶¶ 38–44 with Atlas Pls.'s Compl. ¶¶ 22-30.) Furthermore, none

of the parties in this suit have filed any objections to consolidating all of the above-captioned cases. The Court concludes that all of the above-captioned cases involve sufficient common questions of law and/or fact such that efficiency would be enhanced by their consolidation, and that consolidation will not lead to inefficiency, inconvenience, or unfair prejudice to any party. Cf. E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998). Accordingly, the Court grants the parties' request and orders the above-captioned cases to be consolidated.

**II.     Motion for Appointment of Lead Plaintiff**

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), which amended the Securities Act of 1933, 15 U.S.C. §§ 77a, et seq., and the Securities Exchange Act of 1934, 15 U.S.C. § 78a, et seq., controls the process for determining the lead plaintiff in a private securities class action suit. See 15 U.S.C. § 78u-4 (concerning 1934 Exchange Act); id. § 77z–1 (concerning 1933 Securities Act); Newby v. Enron Corp., 338 F.3d 467, 471 (5th Cir. 2003). The PSLRA directs district courts hearing a private securities class action suit to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §§ 77z–1(a)(3)(B)(i), 78u-4(a)(3)(B)(i). Congress has created a rebuttable presumption that the "most adequate" plaintiff is the one that "has the largest financial interest in the relief sought by the class," so long as they otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. See 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

A district court asked to select a lead plaintiff in a private securities class action suit must follow a three-step process to determine the most adequate plaintiff. See In re Cavanaugh, 306 F.3d 726, 729-31 (9th Cir. 2002). The first step consists of ensuring the publication of the pendency of the action, the claims made, and the purported class period. See id. at 729 (citing 15 U.S.C. § 78u-4(a)(3)(A)); see also 15 U.S.C. § 77z-1(a)(3)(A). Such notice must be posted "in a widely circulated national

business-oriented publication or wire service." See Cavanaugh, 306 F.3d at 729 (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)); see also 15 U.S.C. § 77z-1(a)(3)(A)(i). The notice must state that "any member of the purported class may move the court to serve as lead plaintiff." See Cavanaugh, 306 F.3d at 729 (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)(II)); see also 15 U.S.C. § 77z-1(a)(3)(A)(i)(II).

In the second step, a district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the presumptively most adequate plaintiff the one who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." See Cavanaugh, 306 F.3d at 729-30 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)); see also 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." Cavanaugh, 306 F.3d at 730. A district court must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, in particular those of "typicality" and "adequacy." Id.

"The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." Id. at 730. The presumption may be rebutted only upon proof that the party does not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure. See id. at 732 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)); see also 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

If a district court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement as a result of this three-step process, the court must then proceed to determine whether the plaintiff with the next lower stake in the litigation has made a prima facie showing of typicality and adequacy. See Cavanaugh, 306 F.3d at 731. Also, Congress included a restriction on "professional plaintiffs," by

expressly excluding plaintiffs who have served as lead plaintiff in more than five securities class actions during a three-year period, although the court may make exceptions consistent with the purpose of the PSLRA. See 15 U.S.C. §§ 77z-1(a)(3)(B)(vi); 78u-4(a)(3)(B)(vi).

**A. Notice**

A plaintiff must cause to be published a notice of a pending private security class action suit in a widely circulated national business-oriented publication or wire service within 20 days after filing suit. See 15 U.S.C. §§ 77z–1(a)(3)(A)(i), 78u–4(a)(3)(A)(i). The notice must describe the claims asserted and the purported class period, and state that any member of the class may seek to be appointed by the court as lead plaintiff within 60 days after notice is published. See 15 U.S.C. §§ 77z–1(a)(3)(A)(i), 78u–4(a)(3)(A)(i). "If more than one action on behalf of a class asserting substantially the same claim or claims . . . is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published . . . ." 15 U.S.C. §§ U.S.C. §§ 77z–1(a)(3)(A)(ii), 78u–4(a)(3)(A)(ii).

On March 16, 2007, the same day it filed its complaint with this Court, Atlas Plaintiffs' attorneys Lerach Coughlin Stoia Geller Rudman & Robbins LLP published notice of a class action suit against Defendants in the national publication Business Wire. (Decl. Blair A. Nicholas Supp. Mot. ATRS Mot. Appoint. Lead Pl. ("Nicholas Decl."), Ex. C.) The press release announced the filing of the class action and the basic allegations made against Defendants. (Id.) It also made the following disclaimer:

> If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today. If you wish to discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, William Lerach or Darren Robbins of Lerach Coughlin at 800/449-4900 or 619/231-1058, or via e-mail at wsl@lerachlaw.com. If you are a member of this class, you can view a copy of the complaint as filed or join this class action online at http://www.lerachlaw.com/cases/accreditedhome/. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

(Id.)

Based on the prompt Business Wire publication, the Court concludes that the

notice requirements of the PSLRA has been satisfied.

**B. Most Adequate Lead Plaintiff**

The Court concludes that ATRS is presumptively the most capable plaintiff to adequately represent the interests of the class members of the consolidated suit. First, ATRS has the largest financial interest in the relief sought. ATRS has provided the Court documentation indicating that it has suffered losses of $4,985,116.55 during the class period of November 1, 2005 to March 12, 2007 (Nicholas Decl., Exs. A, B), and has indicated that its losses would be $10,739,197.67 if the class period were expanded to include the period starting January 28, 2004 until March 12, 2007. (ATRS's Opp. at 1 & n.1.) All of the other parties who have made a motion to be appointed lead plaintiff have indicated that their losses are much less than the amount claimed by ATRS. (Decl. Alan I. Ellman Supp. Mot Baltimore/Brockton Appoint. Lead Counsel, Exs. A, B; Decl. Joseph Hank Bates Supp. Kansas City Fund Appoint. Lead Pl., Exs. 3, 4; Decl. Evan J. Smith Supp. Mot. Magness Group Consolidate Actions, Appoint. Lead Counsel, Ex. C.)

Second, based on the allegations made by ATRS, and the declarations and exhibits ATRS has provided, the Court concludes that ATRS has demonstrated that they satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, including those of typicality and adequacy. A district court has latitude as to what information it will consider in determining typicality and adequacy. See Cavanaugh, 306 F.3d at 732. Under the permissive standards of the rule governing class actions, representative claims are typical if they are reasonably coextensive with those of absent class members, they need not be substantially identical. See Dukes v. Wal-Mart, Inc., 474 F.3d 1214, 1232 (2007). The test of typicality is whether other members of the proposed class have the same or similar injuries, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same conduct. See id. Based on the materials provided, the Court concludes that ATRS has demonstrated that its claims are sufficiently typical of the

1 proposed class so that they may serve as the class representative.

2 The adequacy of representation factor requires that the proposed representative plaintiff not have a conflict of interest with the proposed class, and that the plaintiff is represented by qualified and competent counsel. See Dukes, 474 F.3d at 1233. No party has alleged that ATRS has a conflict of interest with any of the other members of the class, and the Court concludes it does not have a conflict of interest. Furthermore, ATRS has provided evidence that their attorneys, Bernstein Litowitz Berger & Grossmann LLP, are qualified and competent counsel to handle this suit. (Nicholas Decl., Ex. D.) Therefore, the Court concludes that ATRS is adequate to serve as the class representative.

Even though ATRS is presumptively the most capable plaintiff to adequately represent the interests of the class members of the consolidated suit, however, the PSLRA instructs district courts to consider any rebuttal evidence that may have been submitted by other members of the plaintiff class that questions whether ATRS "will not fairly or adequately protect the interests of the class" or if ATRS "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." See 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II); 78u-4(a)(3)(B)(iii)(II). In seeking evidence that could rebut ATRS's presumptive showing on these points, other plaintiffs may be allowed to conduct discovery if they demonstrate a reasonable basis for a finding that ATRS is incapable of adequately representing the class. See 15 U.S.C. §§ 77z-1(a)(3)(B)(iv); 78u-4(a)(3)(B)(iv).

In this case, however, no rebuttal evidence has been submitted, nor has any class member attempted to demonstrate a reasonable basis for the Court to find that ATRS is incapable of adequately representing the class. Furthermore, there is no evidence that ATRS is a "professional plaintiff," which is defined as having served as a lead plaintiff in more than five securities class actions during the previous three-year period. Accordingly, the Court defers to the statutory presumption that ATRS is the most adequate plaintiff to serve as lead plaintiff in this action.

### III.   Motion for Selection of Lead Counsel

The person appointed as lead plaintiff hires the attorney to represent the class subject to the district court's approval. See 15 U.S.C. §§ 77z–1(a)(3)(B)(v), 78u–4(a)(3)(B)(v). Although the lead plaintiff's selection of counsel is not binding on the court, a district court has no authority to select for the class what it considers to be the best lawyer or the lawyer offering the best fee schedule. See Cavanaugh, 306 F.3d at 732. "Rather, such information is relevant only to determine whether the presumptive lead plaintiff's choice of counsel is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff" Id. at 732–733. The Court concludes that ATRS's selection of Bernstein Litowitz Berger & Grossmann LLP was neither irrational or tainted by self-dealing or conflict of interest. Accordingly, the Court grants ATRS's motion to have Bernstein Litowitz Berger & Grossmann LLP appointed lead counsel in this suit.

### Conclusion

For the reasons discussed, the Court **GRANTS** the parties' motion to consolidate the above-captioned cases, **GRANTS** ATRS's motion to be appointed lead plaintiff, **GRANTS** ATRS's motion for Bernstein Litowitz Berger & Grossmann LLP to be appointed lead counsel, and **DENIES** Kansas City Fund's, Magness Group's, and Baltimore/Brockton's motion to be appointed lead plaintiff and for their attorneys to be appointed lead counsel. In addition, the Court **ORDERS** ATRS to file a consolidated complaint within thirty (30) days of the date that this order is filed.

IT IS SO ORDERED.

DATED: June 25, 2007

_MARILYN L. HUFF, District Judge_
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.