FILED

09 NOV -4 PM 2:14

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:  DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ATLAS and GAIL ATLAS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>vs.<br><br>ACCREDITED HOME LENDERS HOLDING CO.; JAMES KONRATH; JOSEPH J. LYDON; STUART D. MARVIN; JOHN S. BUCHANAN; DAVID E. HERTZEL; and JEFFREY W. CRAWFORD,<br><br>Defendants. | CASE NO. 07-CV-00488-H (CAB)<br><br>FINAL ORDER APPROVING SETTLEMENT AND PLAN OF ALLOCATION AND GRANTING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND OTHER EXPENSES |

On August 24, 2007, Arkansas Teacher Retirement System ("Lead Plaintiff") filed a corrected and consolidated class action complaint against Accredited Home Lenders Holding Co. and certain officers and directors ("Defendants"). (Doc. No. 54.) The complaint alleges violations of §§ 10(b), 20(a), and 14(a) of the Securities Exchange Act of 1934 and §§ 11, 12(a)(2) and 15 of the Securities Act of 1933. (Id.) On January 4, 2008, the Court issued an order (1) denying Accredited's motion to dismiss; (2) granting in part with leave to amend Accredited Mortgage Loan REIT Trust's and the Individual Defendants' motions to dismiss; and (3) denying Plaintiff's motion to strike. (Doc. No. 86.) Defendants filed an answer on March 14, 2008. (Doc. Nos. 99 & 100.)

In March and April of 2009, the Parties participated in mediation sessions before the Honorable Layn Phillips (Ret.). (Decl. of David R. Stickney ISO Motion for Final Approval of Settlement and Plan of Allocation ("Stickney Decl.") ¶¶ 57-61.) All negotiations were conducted at arm's length. (Id. ¶ 61.) On April 15, 2009, the Parties agreed to a Settlement of $22 million in cash, plus accrued interest for the benefit of the Settlement Class.[1] (Id. ¶ 3; see Doc. No. 210, Stipulation of Settlement.) On April 16, 2009, the Parties notified the Court that a settlement had been reached. (Doc. No. 195.)

On May 1, 2009, Accredited filed a voluntary Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court, District of Delaware. (Stickney Decl. ¶ 65.) Pursuant to 11 U.S.C. § 362, all actions against Accredited, including this litigation, were stayed. On July 7, 2009, the Bankruptcy Court issued an order modifying the automatic stay to the extent necessary to allow preliminary approval of the Settlement. On August 27, 2009, the Bankruptcy Court entered an order approving Accredited's participation in the Settlement and of the use of the proceeds of certain directors' and officers' liability insurance policies to fund the Settlement. (Id. ¶ 67.)

On July 15, 2009, Lead Plaintiff filed a motion for preliminary approval of the Settlement, certification of the Settlement Class, and approval to send notice of the Settlement to Settlement Class Members. (Doc. No. 210.) The Court granted Lead Plaintiff's motion on August 4, 2009. (Doc. No. 213.) Pursuant to the Court's preliminary approval order, Lead Plaintiff provided notice of the Settlement to the Settlement Class through publication in The Investor's Business Daily, postings on Internet websites, and the mailing of 4,542 Notices. (See Decl. of Jennifer Keough Re: Notice Dissemination and Publication ¶ 8.) Potential Settlement Class Members submitted two objections to the proposed Plan of Allocation and three requests for exclusion. (Doc. Nos. 220, 222 & 223 Ex. A.)

///

---

[1] This order incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation. (See Doc. No. 210, Stipulation of Settlement.)

On September 16, 2009, Lead Plaintiff filed a motion for final approval of Settlement and Plan of Allocation, and a motion for approval of attorneys' fees and expenses. (Doc. Nos. 216 & 217.) The Court held a hearing on the motions on November 2, 2009. David Stickney and Niki Mendoza appeared on behalf of Lead Plaintiff, Kim Donaldson and Joseph Gentile appeared telephonically on behalf of Plaintiff William Kornfeld, Jr. ("Kornfeld"), and Christopher McGrath, James Gillespie, and Andrew Kay appeared on behalf of Defendants. No individuals appeared to object to the proposed settlement. (See Doc. No. 213.)

After due consideration of the evidence and arguments presented to the Court in the Parties' moving papers and at the November 2, 2009 hearing, the Court concludes that good cause exists to finally approve the proposed Settlement and Plan of Allocation. Moreover, as discussed below, the Court grants Lead Plaintiff's motion for an award of attorneys' fees in the amount of $5,317,936.16 and reimbursement of litigation expenses in the amount of $728,255.35. The Court also grants Plaintiff Kornfeld's request for a service award in the amount of $5,000 pursuant to 15 U.S.C. § 78u-4(a)(4).

## DISCUSSION

### I.  Class Certification

The proposed Settlement Class consists of all persons and entities who purchased or acquired Accredited Securities between November 1, 2005, through March 12, 2007, inclusive, and who were injured thereby. Excluded from the Settlement Class are Accredited, Berglund, Buchanan, Crawford, Erickson, Espy, Gunderson, Konrath, Lydon, Marvin, and Pratt; the officers and directors of Accredited at all relevant times; members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a controlling interest, including the REIT. Also excluded from the Settlement Class are those persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action. (See Ex. 1, attached.)

The Court's "threshold task is to ascertain whether the proposed settlement class satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure applicable

1  to all class actions, namely: (1) numerosity, (2) commonality, (3) typicality, and (4)
2  adequacy of representation." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir.
3  1998). "The prerequisite of numerosity is discharged if the class is so large that joinder of
4  all members is impracticable." Id. Sufficient commonality exists "if there are questions of
5  fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2); see Hanlon, 150
6  F.3d at 1019. "The typicality prerequisite of Rule 23(a) is fulfilled if the claims or defenses
7  of the representative parties are typical of the claims or defenses of the class." Hanlon, 150
8  F.3d at 1020. The representative's claims "need not be substantially identical" to all class
9  members' claims. Id. Finally, Rule 23(a) requires that all class members' interests be
10 adequately represented. Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines
11 legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest
12 with other class members and (2) will the named plaintiffs and their counsel prosecute the
13 action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020. Based on the
14 allegations in the corrected and consolidated class action complaint and the evidence
15 provided by the Parties, the Court concludes that the Settlement Class meets the
16 requirements of numerosity, commonality, typicality, and adequacy of representation.

17 In addition to the prerequisites of Rule 23(a), the Parties must show that the action is
18 maintainable under Rule 23(b)(1), (2) or (3). Amchem Products, Inc. v. Windsor, 521 U.S.
19 591, 614 (1997); Hanlon, 150 F.3d at 1022. A class meets the requirements of Rule
20 23(b)(3) if it is able to satisfy two conditions: "common questions must predominate over
21 any questions affecting only individual members, and class resolution must be superior to
22 other available methods for the fair and efficient adjudication of the controversy." Hanlon,
23 150 F.3d at 1022.; Fed. R. Civ. P. 23(b)(3). The first requirement is distinct from the
24 "commonality" prerequisite of Rule 23(a) and may be satisfied by showing that the
25 litigation is dominated by a "common nucleus of facts and potential legal remedies." See
26 Hanlon, 150 F.3d at 1022. The Court concludes that these requirements are satisfied in this
27 case. Accordingly, the Court finally certifies for settlement purposes the proposed class.
28 ///

## II.     Final Approval of Proposed Settlement

Rule 23 of the Federal Rules of Civil Procedure provides that "[t]he court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class." Fed. R. Civ. P. 23(e)(1)(A). The Rule further states that "[t]he court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C); see Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992). In evaluating a settlement the Court must "balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." Hanlon, 150 F.3d at 1026; see Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993). "The relative degree of importance to be attached to any particular factor will depend upon . . . the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." Officers For Justice v. Civil Serv. Comm'n., 688 F.2d 615, 625 (9th Cir. 1982); see also Hanlon, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness.").

Upon review of all the evidence submitted by the Parties, the Court concludes that the Settlement considered as a whole is fair, adequate and reasonable. Plaintiffs faced significant risk in proceeding with the litigation. Accredited's bankruptcy filing increased the risk that it would not be able to satisfy a substantial judgment and Defendants consistently argued that market forces and not any alleged misstatements were to blame for the investors' losses. (See Stickney Decl. ¶¶ 70-1.) Additionally, litigating the complex securities fraud class action to completion would have resulted in substantial delay and expense. In contrast to the risk, delay, and complexity involved in proceeding with

litigation, the Settlement of $22 million provides an immediate and valuable cash benefit to eligible Settlement Class Members. Moreover, the Settlement was reached only after Lead Plaintiff had adequate information to guide a thorough analysis of the Settlement Class' claims. In prosecuting the claim to the point of settling, Lead Plaintiff drafted a detailed consolidated complaint after reviewing and analyzing the Company's SEC filings, annual reports, and other documents, provided extensive briefing on Defendants' motion to dismiss, and reviewed over four-million pages produced by Defendants during discovery. (Id. ¶ 4.) The settlement negotiations were also fair. They were closely supervised by the Honorable Layn Phillips (Ret.) and conducted at arm's length by experienced and competent counsel. Finally, the class members' reaction to the proposed settlement has been favorable. Out of 4,542 notices, the Court received no objections to the Settlement itself. In light of the above, as well as the Court's own review of the proposed settlement, the Court concludes that the settlement is fair and reasonable and therefore warrants final approval at this time.

## III. Final Approval of Proposed Plan of Allocation

The adequacy of a plan of allocation is governed by the same standards of review applicable to the settlement as a whole–the plan must be fair, reasonable, and adequate. See City of Seattle, 955 F.2d at 1284-5. The proposed Plan of Allocation was created to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a result of the alleged false and misleading offering statements. (Stickney Decl. ¶ 77.) To ensure a fair allocation, Lead Plaintiff engaged Forensic Economics, Inc. to create a plan to allocate the settlement proceeds among claimants and to provide an opinion regarding the fairness and reasonableness of that plan. (Id. ¶¶ 78-9.) Forensic Economics allocated the Settlement proceeds among Settlement Class Members by estimating the amount of alleged artificial inflation in the daily closing market prices for Accredited securities for each day of the Settlement Class Period, taking into account changes attributable to market forces unrelated to the alleged fraud. (Id. ¶ 79.) After creating the plan, James Canessa, Vice President of Forensic Economics, declared that, in

his view, "the proposed Plan of Allocation is a fair and reasonable method of distributing the settlement to eligible class members." (Decl. of James Canessa ¶ 8.)

Only two objections to the proposed Plan of Allocation were submitted. (Doc. Nos. 220 & 222.) The first objection was filed on behalf of two individuals who purportedly purchased 800 Preferred Shares of Accredited. (Doc. No. 222.) The objection disagrees with Plaintiffs' expert's conclusion that Preferred Shares purchased on specific dates were not artificially inflated. (Id.) The Court, however, finds that Plaintiffs' expert reasonably determined that there was no fraud-related inflation in Preferred Shares on the particular dates at issue in the objection. The second objection disagrees with the Plan of Allocation's provision stating that there is no Recognized Loss attributed to short sales. (Doc. No. 220.) The Court finds that the exclusion of short sellers is reasonable and fair because short sellers are betting against the issuer of the stock and their position is antagonistic to the rest of the class.

Based on the information presented to the Court and the predominantly positive response by the Settlement Class, the Court finds that the proposed Plan of Allocation provides a fair and equitable basis upon which to allocate the proceeds of the Settlement Fund among the Settlement Class Members.

## IV.   Attorneys' Fees and Expenses

Also before the Court is Lead Plaintiff's motion for approval of attorneys' fees and expenses. (Doc. No. 217.) Lead Plaintiff is seeking attorneys' fees in the amount of $5,317,936.16 (25% of the $22 million Settlement net of litigation expenses) and reimbursement of $728,255.35 in out-of-pocket expenses. (Id.) Additionally, Plaintiff Kornfeld has separately applied to the Court for a service award in the amount of $5,000. (Id.)

In a class action the court upon motion "may award reasonable attorney fees and nontaxable costs authorized by law or by agreement of the parties." Fed. R. Civ. P. 23(h). In "common fund" cases like this one, the Ninth Circuit has stated that "the district court has discretion to use either a percentage or lodestar method" to determine what constitutes

a reasonable fee. Hanlon, 150 F.3d at 1029. Under the percentage method, "the court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee." Id. The Ninth Circuit has established 25% of the common fund as a "benchmark" for what constitutes a reasonable fee. Id.; see Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990).

The Court concludes that 25% constitutes a reasonable fee in this case. The Settlement confers a significant benefit on the members of the Settlement Class and class counsel adequately represented the class. Moreover, counsel for Lead Plaintiff faced the risk of recovering nothing for their efforts, as they were working on a contingent fee basis. The fee is also supported by the fact that none of the 4,542 potential Settlement Class Members who received the Notice submitted an objection to the fee request. Finally, a cross-check with the lodestar supports the reasonableness of the fee. Lead Plaintiff's counsel's lodestar is $4,630,185. (Stickney Decl. ¶ 88.) The request for an award of $5,317,936.16 in attorneys' fees seeks a multiplier of only 1.1. Considering the risk and complexity of this case, the Court finds that this request is reasonable.

The Court approves for good cause shown the requested award of $728,255.35 for litigation expenses. Additionally, the Court grants for good cause shown the request of Plaintiff Kornfeld for an award of $5,000 pursuant to 15 U.S.C. § 78u-4(a)(4).

## CONCLUSION

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies the Litigation as a class action for settlement purposes only. The Settlement Class consists of all persons and entities who purchased or acquired Accredited Securities between November 1, 2005, through March 12, 2007, inclusive, and who were injured

1  thereby. Excluded from the Settlement Class are Accredited, Berglund, Buchanan,
2  Crawford, Erickson, Espy, Gunderson, Konrath, Lydon, Marvin, and Pratt; the officers and
3  directors of Accredited at all relevant times; members of their immediate families and their
4  legal representatives, heirs, successors or assigns and any entity in which any Defendant
5  has or had a controlling interest, including the REIT. Also excluded from the Settlement
6  Class are those Persons who timely and validly request exclusion from the Settlement Class
7  pursuant to the Notice of Pendency and Proposed Settlement of Class Action, a list of
8  which is attached hereto as Exhibit 1.

9  4.  With respect to the Settlement Class, this Court finds, solely for the purposes of
10 settlement, that: (a) the members of the Settlement Class are so numerous that joinder of all
11 Settlement Class Members in the class action is impracticable; (b) there are questions of
12 law and fact common to the Settlement Class which predominate over any individual
13 question; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class;
14 (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected
15 the interests of the Settlement Class Members; and (e) a class action is superior to other
16 available methods for the fair and efficient adjudication of the controversy, considering: (i)
17 the interests of the members of the Settlement Class in individually controlling the
18 prosecution of the separate actions, (ii) the extent and nature of any litigation concerning
19 the controversy already commenced by members of the Settlement Class, (iii) the
20 desirability or undesirability of concentrating the litigation of these claims in this particular
21 forum, and (iv) the difficulties likely to be encountered in the management of the class
22 action.

23 5.  Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the
24 Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair,
25 reasonable, and adequate to the Lead Plaintiff, the Settlement Class and each of the
26 Settlement Class Members. The Court further finds that the Settlement set forth in the
27 Stipulation is the result of arm's-length negotiations between experienced counsel
28 representing the interests of the Parties. Accordingly, the Settlement embodied in the

Stipulation is hereby finally approved in all respects. The Parties are hereby directed to perform its terms.

6. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class (identified in Exhibit 1), the Litigation and all claims contained therein, including the Released Claims, are dismissed with prejudice as to Plaintiffs and the other members of the Settlement Class, and as against the Released Persons. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Upon the Effective Date, Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against each and all the Released Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim.

8. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and each and all of the Settlement Class Members and their respective attorneys, from all claims (including Unknown Claims) and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the settlement.

9. Upon the Effective Date, Plaintiffs, the Settlement Class Members and Plaintiffs' Counsel shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged the Released Persons from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Stipulation.

///

10. Upon the Effective Date, Plaintiffs, each of the Settlement Class Members, and anyone claiming through or on behalf of any of them, agree and covenant not to commence, institute, prosecute, or continue any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

11. Upon the Effective Date, Defendants, the Released Persons and their counsel, and anyone claiming through or on behalf of any of them, agree and covenant not to commence or institute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, against Plaintiffs, Plaintiffs' Counsel or any Settlement Class Member arising out of, or relating to, directly or indirectly, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

12. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.

13. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorney fee and/or expense application shall in no way disturb or affect this Final Judgment and Order of Dismissal with Prejudice and shall be considered separate from this Final Judgment and Order of Dismissal with Prejudice.

///

///

14. Neither the Stipulation nor the Settlement shall be:

    a. offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any fact alleged by the Settlement Class Members or the merit or validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

    b. offered or received against any Defendant as evidence of a presumption, concession, admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class;

    c. offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; nor

    d. construed against Defendants, Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

15. The Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Parties may file the Stipulation and/or this Final Judgment and Order of Dismissal with Prejudice in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full

1 | faith and credit, release, good faith settlement, judgment bar, or reduction or any other
2 | theory of claim preclusion or issue preclusion or similar defense or counterclaim.
3 | 16.     Without affecting the finality of this Final Judgment and Order of Dismissal with
4 | Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a)
5 | implementation of this Settlement and any award or distribution of the Settlement Fund,
6 | including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and
7 | determining applications for attorney fees and expenses in the Litigation; and (d) all parties
8 | hereto for the purpose of construing, enforcing and administering the Stipulation.
9 | 17.     Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil
10 | Procedure, this Court hereby finds and concludes that due and adequate notice was directed
11 | to all persons and entities who are Class Members, advising them of the Plan of Allocation
12 | and of their right to object thereto, and a full and fair opportunity was accorded to all such
13 | persons and entities to be heard with respect to the Plan of Allocation.
14 | 18.     The Court hereby finds and concludes that the formula for the calculation of the
15 | claims of Authorized Claimants which is set forth in the Notice of Pendency and Proposed
16 | Settlement of Class Action (the "Notice") mailed to Class Members provides a fair and
17 | equitable basis upon which to allocate the proceeds of the Settlement Fund among the
18 | Settlement Class Members.
19 | 19.     The Court hereby finds and concludes that the Plan of Allocation set forth in the
20 | Notice is, in all respects, fair and equitable to the Settlement Class. Accordingly, the Court
21 | hereby approves the Plan of Allocation submitted by Lead Plaintiff.
22 | 20.     The Fee and Expense Request filed in connection with the Settlement is hereby
23 | granted.
24 | 21.     The Court hereby awards attorneys' fees of $5,317,936.16 (25% of the $22 million
25 | Settlement Amount net of litigation expenses), payable to Lead Counsel. The Court also
26 | grants Lead Counsel's request for reimbursement of litigation expenses in the amount of
27 | $728,255.35.
28 | ///

22. The Court also grants the request of Plaintiff William F. Kornfeld, Jr. for an award of $5,000, pursuant to 15 U.S.C. § 78u-4(a)(4).

23. Pursuant to Paragraph 6.2 of the Stipulation, the attorneys' fees and expenses awarded herein shall be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, notwithstanding any appeals. Lead Counsel shall thereafter allocate the attorneys' fees in a manner in which it in good faith believes reflects the contributions of Plaintiffs' Counsel to the prosecution and settlement of the Litigation.

24. The Court finds that an award of attorneys' fees of 25% of the net Settlement Fund is fair and reasonable and consistent with the market price for the legal services, in light of the risk of nonpayment and the normal rate of compensation in the market for complex class actions. The Court finds that the fee award is fair and reasonable in light of the following factors, among others: the contingent nature of the case; the quality of the legal services rendered; the benefits derived by the Settlement Class; the public service aspects of the Litigation; the institutional Lead Plaintiff supports the fee and expense request before the Court; and the reaction of the Settlement Class.

25. The Court further finds that the request for reimbursement of expenses is reasonable in light of Lead Counsel's prosecution of this action against the Defendants on behalf of the Settlement Class.

26. The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

27. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Final Judgment and Order of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

28. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

DATED: 11/2/09

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record

# EXHIBIT 1

Persons and Entities who requested exclusion in
*Atlas v. Accredited Home Lenders Holding Co.*
Case No. 3:07-cv-00488-H-CAB (S.D. Cal.)

Niels and Barbara Christensen

Brett Reall

Tova Marie Shergold